UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
Trustees of the PLUMBERS LOCAL UNION
NO. 1 WELFARE FUND, ADDITIONAL
SECURITY BENEFIT FUND, VACATION &
HOLIDAY FUND AND 401(k) SAVINGS PLAN,
Trustees of the PLUMBERS & PIPEFITTERS
NATIONAL PENSION FUND and Trustees
of the INTERNATIONAL TRAINING FUND,

**ORDER ADOPTING REPORT AND RECOMMENDATION**

12-cv-5130 (SLT) (VMS)

         Plaintiffs,

 -against-

ARISTA PLUMBING HEATINGS AND
PIPING CORP.,

         Defendant.
-----------------------------------------------------------x

**TOWNES, United States District Judge:**

  Trustees of the Plumbers Local Union No. 1 Welfare Fund, Additional Security Benefit Fund, Vacation & Holiday Fund and 401(k) Savings Plan, Trustees of the Plumbers & Pipefitters National Pension Fund and Trustees of the International Training Fund (collectively "Plaintiffs") bring the present action against Defendant Arista Plumbing Heating and Piping Corp. ("Arista") under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, to enforce Arista's contractual and statutory obligations to submit to an audit, and for related relief. Arista was duly served but never answered or otherwise responded to this litigation. The Clerk of Court made an entry of default on the docket on February 19, 2013. (Docket No. 7.) On May 9, 2013, Plaintiffs filed a motion seeking entry of default judgment and attorney's fees, (Docket No. 9), which this Court referred to Magistrate Judge Scanlon for a Report and Recommendation, ("R&R"), (Docket No. 16). Currently before the Court is Judge Scanlon's R&R, dated February 10, 2014, to which Arista has not submitted any objections.

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. *See* 28 U.S.C. § 636(b)(1). Within fourteen days of service of the R&R, any party may file written objections to the magistrate's report. *See id.* Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the R&R. *See id.* The Court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the R&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

In this case, on February 10, 2014, Judge Scanlon recommended that this Court:

(1) Grant Plaintiffs' default judgment motion for an order directing Arista to produce relevant books and records for an audit for the period spanning January 1, 2009 through August 31, 2012;

(2) Direct Arista to coordinate with Plaintiffs to produce the books and records at a mutually agreeable location conducive to Plaintiffs' auditing the materials within thirty (30) days of the date of this Order. Plaintiffs' audit of these materials shall commence on this date and continue on such business days as are mutually agreeable to the parties until said audit is complete; and

(3) Grant Plaintiffs' attorney's fees and costs in the amount of $5,000.

Objections to the R&R were due by February 24, 2014. No objections were filed with this Court. Upon review of the recommendation, this Court adopts and affirms the R&R of Magistrate Judge Scanlon.

**SO ORDERED.**

/s/(SLT)

/SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Brooklyn, New York
Dated: March  5 , 2014

2